**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **YOLANDA RAGLAND,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:26-cv-00233-SRB |
| | ) | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**THE LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this, its Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff, Yolanda Ragland ("Plaintiff"), and states as follows:

**THE PARTIES**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is a lawfully incorporated insurance company that lawfully conducts business in the State of Missouri. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Lincoln admits that Plaintiff has brought a claim for recovery of benefits under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) ("ERISA"). Lincoln specifically denies, however, that the bringing of this action

gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that it issued Group Disability Income Policy Number GD/GF3-840-444760-01 (the "Disability Policy") to Saint Luke's Health System ("St. Luke's"), which, at certain times, insured disability benefits from the Saint Luke's Disability Plan (the "Disability Plan") sponsored by Saint Luke's to provide long-term disability benefits to certain of its employees. Lincoln admits that it issued Group Life Insurance Policy Number SA3-840-444760-01 (the "Life Policy") to Saint Luke's, which, at certain times, insured life insurance waiver of premium ("LWOP") benefits from the Group Life Insurance Plan (the "Life Plan"). Lincoln admits that Plaintiff has brought a claim for recovery of benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that the bringing of this action gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that venue is proper in this District and Division. Lincoln denies the remaining allegations contained in Paragraph 7 of the Complaint.

## INFORMATION REGARDING TRIAL

8. Lincoln admits the allegations contained in Paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's as a Medical Scheduler. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that St. Luke's sponsored the Disability Plan and the Life Plan to provide disability and LWOP benefits to certain of its employees. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits the allegations contained in Paragraph 11 of the Complaint.

12. To the extent that the allegations contained in Paragraph 12 seek to interpret the provisions of the relevant policies, Lincoln refers to the Disability Policy and the Life Policy themselves as the best evidence of their contents. Lincoln admits that the Disability Plan and the Life Plan were sponsored by St. Luke's. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's and a participant in the Disability Plan and the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's and a participant in the Disability Plan and the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits the allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD and LWOP benefits from the Disability Plan and the Life Plan under their respective Policies and was delegated certain authority with regard to such claims by St. Luke's as described in the

Disability Policy and the Life Policy. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that it issued the Disability Policy and the Life Policy to St. Luke's, which, at certain times, insured benefits from the Disability Plan and the Life Plan. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD and LWOP benefits from the Disability Plan and the Life Plan under their respective Policies, but Lincoln specifically denies that it was the Plan Administrator of the Disability Plan or the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's and a participant in the Disability Plan and the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent that the allegations contained in Paragraph 18 seek to interpret the provisions of the relevant policy, Lincoln refers to the Disability Policy itself as the best evidence of its contents. Lincoln admits that the Disability Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Disability Plan under the Disability Policy, but Lincoln refers to the Disability Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent that the allegations contained in Paragraph 19 seek to interpret the provisions of the relevant policy, Lincoln refers to the Disability Policy itself as the best evidence of its contents. Lincoln admits that the Disability Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Disability Plan under the Disability Policy, but Lincoln refers to the Disability Policy itself as

the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. To the extent that the allegations contained in Paragraph 20 seek to interpret the provisions of the relevant policy, Lincoln refers to the Disability Policy itself as the best evidence of its contents. Lincoln admits that the Disability Policy includes language pertaining to the definition of "Material and Substantial Duties" as applicable to a participant's claim for benefits from the Disability Plan under the Disability Policy, but Lincoln refers to the Disability Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that the allegations contained in Paragraph 21 seek to interpret the provisions of the relevant policy, Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that the allegations contained in Paragraph 22 seek to interpret the provisions of the relevant policy, Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln admits that the Life Policy includes language pertaining to the definitions of "Totally Disabled" or "Total Disability" as applicable to a participant's claim for LWOP benefits from the Life Plan under the Life Policy, but Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that certain documents reflecting Plaintiff's occupation are contained in the administrative record upon which Plaintiff's claims for LTD and LWOP benefits from the Disability Plan and the Life Plan under their respective Policies were evaluated by

Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that certain documents reflecting Plaintiff's date of birth are contained in the administrative record upon which Plaintiff's claims for LTD and LWOP benefits from the Disability Plan and the Life Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for LTD and LWOP benefits from the Disability Plan and the Life Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Saint Luke's Health System Short-Term Disability Plan (the "STD Plan") during 2020. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that Plaintiff's last day of work at St. Luke's was on November 9, 2021. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that Plaintiff submitted a claim for benefits from the Disability Plan under the Disability Policy in November 2023. Lincoln is without sufficient information to either admit or deny allegations concerning Plaintiff's "misconceptions about LTD insurance" and, accordingly, denies this and all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that Plaintiff submitted a claim for benefits from the Disability Plan under the Disability Policy in November 2023. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claims for LTD and LWOP benefits from the Disability Plan and the Life Plan under their respective Policies were evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that it sent a letter to Plaintiff's counsel dated December 22, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that it sent a letter to Plaintiff's counsel dated January 12, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that it received a facsimile transmission from Plaintiff's counsel on January 16, 2024, along with various documents, but Lincoln refers to the facsimile and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that it sent a letter to Plaintiff's counsel dated February 26, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits that Plaintiff submitted a claim for LWOP benefits from the Life Plan under the Life Policy. Lincoln admits that it received a facsimile transmission from Plaintiff's counsel on January 16, 2024, along with various documents, but Lincoln refers to the facsimile

and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that it received a letter from Plaintiff's counsel dated June 17, 2024, appealing the denial of Plaintiff's claim for benefits from the Disability Plan under the Disability Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that it received a letter from Plaintiff's counsel dated June 19, 2024, appealing the denial of Plaintiff's claim for LWOP benefits from the Life Plan under the Life Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln admits that it sent a letter to Plaintiff's counsel dated July 3, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits that it sent a letter to Plaintiff's counsel dated August 15, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. To the extent that the allegations contained in Paragraph 39 seek to interpret the provisions of the Disability Policy and the Life Policy, Lincoln refers to the Disability Policy and Life Policy themselves as the best evidence of their contents. Lincoln admits that the Disability Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Disability Plan under the Disability Policy, but

Lincoln refers to the Disability Policy itself as the best evidence of its contents. Lincoln admits that the Life Policy includes language pertaining to the definitions of "Totally Disabled" or "Total Disability" as applicable to a participant's claim for LWOP benefits from the Life Plan under the Life Policy, but Lincoln refers to the Life Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Life Plan and the Disability Plan under their respective Policies under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claims or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

## CAUSES OF ACTION

### COUNT I
### 29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS

41. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 40 of the Complaint as though fully set forth in response to Paragraph 41 of the Complaint.

42. Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies the allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD and LWOP benefits from the Disability Plan and the Life Plan under their respective Policies, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled

to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies all allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the Disability Plan under the Disability Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

**COUNT II**
**29 U.S.C. § 1132(a)(1)(B) - WRONGFUL DENIAL OF BENEFITS**

47. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 46 of the Complaint as though fully set forth in response to Paragraph 47 of the Complaint.

48. Lincoln denies the allegations contained in Paragraph 48 of the Complaint.

49. Lincoln denies the allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits that by this action, Plaintiff is seeking recovery of LTD and LWOP benefits from the Disability Plan and the Life Plan under their respective Policies, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies all allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the Disability Plan under the Disability Policy, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

**COUNT III**
**29 U.S.C. § 1132(a)(3) - BREACH OF FIDUCIARY DUTY**

53. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 52 of the Complaint as though fully set forth in response to Paragraph 53 of the Complaint.

54. To the extent the allegations in Paragraph 54 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 54 of the Complaint.

55. To the extent the allegations in Paragraph 55 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 55 of the Complaint.

56. To the extent the allegations in Paragraph 56 contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies the allegations contained in Paragraph 56 of the Complaint.

57. Lincoln admits that Plaintiff was, at certain times, employed by St. Luke's and a participant in the Disability Plan and the Life Plan. Lincoln denies all remaining allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits that it issued the Disability Policy and the Life Policy to St. Luke's, which, at certain times, insured benefits from the Disability Plan and the Life Plan sponsored by St. Luke's to provide benefits to certain of its employees. Lincoln admits that, at certain times, it was the claims administrator of claims for benefits from the Disability Plan and the Life Plan under their respective Policies. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. To the extent that the allegations contained in Paragraph 59 constitute legal conclusions, Lincoln is not required to respond. Lincoln denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies the allegations contained in Paragraph 60 of the Complaint.

61. Paragraph 61 does not contain any allegations to which Lincoln must respond, as it only contains an incomplete sentence. To the extent that the text of Paragraph 61 and 61 a-f is meant to be an alphabetical listing under Paragraph 60, Lincoln denies all allegations contained in Paragraphs 60-61 a-f of the Complaint.

62. Lincoln denies the allegations contained in Paragraph 62 of the Complaint.

63. Lincoln denies the allegations contained in Paragraph 63 of the Complaint.

64. Lincoln denies the allegations contained in Paragraph 64 of the Complaint.

65. Lincoln denies the allegations contained in Paragraph 65 of the Complaint.

66. Lincoln denies the allegations contained in Paragraph 66 of the Complaint.

67. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the Disability Plan and the Life Plan under their respective Policies, along with recovery of attorneys' fees, costs, and prejudgment interest, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claims for benefits from the Disability Plan and the Life Plan under

their respective Policies was an abuse of discretion because the Disability Policy and the Life Policy contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits from the Disability Plan under the Disability Policy, if any, from Lincoln is subject to an offset pursuant to the terms of the Disability Policy and the documents governing the Disability Plan, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Disability Policy or statutory limitations period.

6. Plaintiff's claim for breach of fiduciary duty and claim under Section 502(a)(3) of ERISA against Lincoln fails as a matter of law due to the availability of a claim for recovery of benefits under Section 502(a)(1)(B) of ERISA.

7. The damages, if any, claimed by Plaintiff are limited to those available under ERISA, which precludes recovery of compensatory, punitive, or damages other than recovery of benefits allegedly owed to Plaintiff.

8. Lincoln reserves the right to assert additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award it its costs and attorneys fees expended herein, and for such other and further relief as the Court deems proper

Respectfully submitted,

By: *_/s/ Dan S. Folluo_*
Dan S. Folluo, MOBAR #66582
dfolluo@rhodesokla.com
RHODES HIERONYMUS, JONES, TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173; (918) 592-3390 [fax]

- and -

By: *_/s/ Iwana Rademaekers_*
Iwana Rademaekers (Texas Bar No. 16452560)
(*Pro Hac Vice Application Pending*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 21st day of May 2026 to be served by operation of the Court's electronic filing system upon the following:

Derrick A. Pearce
dpearce@burnettdriskill.com

Benjamin Narrell
bnarrell@burnettdriskill.com

*Attorneys for Plaintiff*

*_/s/ Dan S. Folluo_*
Dan S. Folluo